RICHARD FRANKSON, Plaintiff, *v.* CARTER & WEEKS STEVEDORING Co., Defendant.

Supreme Court, Special Term, Kings County, October 1, 1946.

*Kerlin, Campbell, Hickox & Keating* for defendant-petitioner.

*Thomas O'Rourke Gallagher* for plaintiff-respondent.

FENNELLY, J. The defendant-petitioner pursuant to the removal statute (Judicial Code, §§ 28, 29; U. S. Code, tit. 28, §§ 71, 72) presented a petition and bond for the removal of this action to the United States District Court for the Eastern District of New York. The time of the defendant to appear, move or answer had been extended by stipulation. The petition and bond were presented prior to the expiration of the time as provided for in the stipulation.

The sole question involved is in the timeliness of the presentation of the petition. The statute provides that the petition be presented " at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff * * *." (Judicial Code, § 29; U. S. Code, tit. 28, § 72.) Plaintiff contends that this should be construed to mean within the twenty-day period provided by statute during which answer should be served. The defendant contends that the stipulation extends the time to present a petition for removal. The stipulation in this case signed by the attorney for the plaintiff, extended the time of the defendant to appear, move or answer. There are decisions on both sides of this question in both the Federal courts and in our State courts. It seems to be well settled in the Second Circuit which includes all the Federal courts in the State of New York, that a stipulation extending the time to answer extends the time to present a petition for removal.

In *Earl C. Anthony Inc.*, v. *National Broadcasting Co., Inc.* (8 F. Supp. 346, 347) Judge PATTERSON writing, said: " The petition for removal was filed seasonably. The extensions of time to answer which were signed by the plaintiff's attorney extended also the time within which the case might be removed. There was a time when the rule in this district was otherwise. *Schipper* v. *Consumer Cordage Co.* (C. C.) 72 F. 803. But for more than thirty years it has been held consistently here that a stipulation to extend the defendant's time to answer signed by the attorneys operated to extend the time for removal to the federal court." In the interest of uniformity I believe this rule should be followed in the State courts. The bond has been approved.